IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JOSE DE LA ROSA ORTIZ,

                    Petitioner,            6:10-cv-00922-TC


                    v.                      FINDINGS AND
                                            RECOMMENDATION
MARK NOOTH,

                    Respondent.

COFFIN, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of
Corrections pursuant to a judgment dated April 1, 2003, from
the Polk County Circuit Court after convictions for three
counts of Sodomy in the First Degree and one count of Incest.
Exhibit 101.  After a jury convicted petitioner of these
crimes, the trial court imposed sentences totaling 200 months

1 - FINDINGS AND RECOMMENDATION

imprisonment. *Id.*

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 103 - 107.

Petitioner filed a Formal Petition for Post-conviction Relief, Exhibit 108, but the Malheur County Circuit Court denied relief. Exhibit 133.    The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review.   Exhibits 134 - 141.

Petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2254, alleging claims of trial court error, ineffective assistance of counsel and actual innocence. Petition (#1) p. 5-7.

Respondent contends that petitioner's claims should be denied because they were not fairly presented to the Oregon Supreme Court and are now procedurally defaulted. Response (#38), p. 1.    Respondent further contends that petitioner's "freestanding claim" of actual innocence is not cognizable in this proceeding and, in the alternative, lacks merit."  *Id.*

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]"  Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and

2 - FINDINGS AND RECOMMENDATION

resolve all federal claims.  Keeney v. Tomayo-Reyes, 504 U.S.
1, 10 (1992).    If a petitioner can present a claim to the
state's Supreme Court, he must do so to properly exhaust that
claim.  O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court,
habeas petitioners must "include reference to a specific
federal constitutional guarantee, as well as a statement of
facts that entitle the petitioner to relief."  Gray v.
Netherland, 518 U.S. 152, 162-63 (1996).; see also, Castillo
v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005).

Furthermore, to properly exhaust a claim the petitioner
must present the federal claim to the state courts in a
procedural context in which the claims' merits will be
considered.  Castille v. Peoples, 489 U.S. 346, 351-52 (1989);
Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1984); Turner
v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), cert. denied, 489
U.S. 1059 (1989).

Stated otherwise, each claim raised in a habeas petition
must have been given one complete round of the state's
appellate review process.  O'Sullivan v. Boerckel, supra at
844-845, and the state courts must have had a full and fair
opportunity to respond to any federal claim asserted by the
petitioner.  Keeney v. Tamayo-Reyes, supra at 10.

If a petitioner has failed to present a federal

3 - FINDINGS AND RECOMMENDATION

constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. <u>Boerckel</u>, 526 U.S. at 848, citing <u>Coleman v. Thompson</u>, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000), <u>Coleman</u>, 501 U.S. at 750; <u>see also</u>, Wainwright<u> v. Sykes</u>, 433 U.S. 72 (1977); <u>Murray v. Carrier</u>, 477 U.S. 748 (1986); <u>Hughes v. Idaho Bd. of Corr.</u>, 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." <u>Murray</u>, 477 U.S. at 488. Prejudice exists only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage." <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. <u>Id</u>.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000). To establish the fundamental

miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. <u>Schlup v. Delo</u>, 513 U.S. 298, 329 (1995); <u>Calderon v. Thompson</u>, 523 U.S.538, 559 (1998).

In Ground One petitioner alleges that the trial court violated his Sixth Amendment right to a jury trial when it imposed consecutive sentences based on judicial fact finding. Petitioner raised this claim for the first time on directed appeal, conceding that it was un-preserved but arguing that it should be reviewed as "plain error."  Exhibit 103 at p. 4-5.

Because petitioner's *Blakely* claim was un-preserved, it could not be considered unless special circumstances were present and the Court of Appeals exercised its discretion to consider it.  *See*, <u>State v. Gornick</u>, 340 Or. 160 (2006). Accordingly, it was not "fairly presented" to the Oregon Supreme Court because it was not presented in a procedural context in which the court would consider the claim on the merits. <u>Castille v. Peoples</u>, <u>supra</u>.

Moreover, petitioner's  claim I Ground One fails on the merits. *See*, <u>Oregon v. Ice</u>, 129 S.Ct. 711 (2009)(judicial fact-finding for purposes of determining whether sentence would run consecutively does not violate the Sixth Amendment based on the rule announced in *Blakely*).

In Ground Two, petitioner incorporates by reference the

5 - FINDINGS AND RECOMMENDATION

claims he raised in his state post-conviction proceeding. Petition (#1, p. 6-7. In petitioner's PRC proceeding he raised seven claims of ineffective assistance of trial counsel and three claims of ineffective assistance of appellate counsel. Exhibit 108, p. 3-4. He also alleged that he was actually innocent. *Id.*

Although petitioner raised several ineffective assistance of counsel claims in his PCR petition, Exhibit 108, and three ineffective assistance of counsel claims in his PCR appeal, Exhibit 134, he did not include any of those claims in his petition for review by the Oregon Supreme Court. Exhibit 139.

Petitioner is now barred under Oregon law from filing any additional appeals or PCR proceedings, and therefore cannot "fairly present" any additional claims to the Oregon state courts.[1]   Therefor, petitioner has defaulted his claims in Ground One and his ineffective assistance of counsel claims in Ground Two.

Plaintiff has not established any cause and prejudice for

---

[1]ORS 138.071 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires PCR appeals to be filed within 30 days after the entry of final judgment. ORS 2.520 requires petitions for review to Oregon's Supreme Court to be filed within 35 days from the date of the Court of Appeals' decision. *See also* ORAP 9.05(2) (same)  Finally, ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

his procedural defaults.  He has alleged throughout th the PCR proceedings and in this proceeding that he is "actually innocent."

A federal habeas petitioner whose claims are procedurally defaulted under state law may nonetheless have those claims considered on the merits if the case falls within the narrow class of cases "implicating a fundamental miscarriage of justice." Schlup v. Delo, 513 U.S. 298 (1995).  To establish actual innocence under *Schlup*, a petitioner must establish that a constitutional violation occurred that "has probably resulted in the conviction of one who is actually innocent." Id., at 326-27.  The petitioner must "persuade the district court that, in light of the new evidence, no juror acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id., at 329.  "Actual innocence means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

In order to be credible, a claim of actaul innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup*, 513 U.S. at 324; Downs v. Hoyt, 232 F.3d 1031, 1040 (9th Cir. 2000).  The Ninth Circuit has

held that "habeas petitioners may pass *Schlup's* test by offering 'newly presented' evidence of innocence," meaning evidence that was not before the trial court. <u>Griffen v. Johnson</u>, 350 F.3d 956, 963 (9th Cir. 2003). In determining whether a petitioner is actually innocent, this court "must assess the probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial." *Schlup*, 513 U.S. at 332.

Petitioner's newly discovered evidence of actual innocence consists of an affidavit from the victim. Respondent's Exhibit 120; Petitioner's Exhibits (#40).[2] In the affidavit, the victim who had previously testified extensively that her father had sexually abused her, states: "I lied to the authorities and at trial about physical and sexual abuse to me by my father." <u>Id</u>.

However, the victim, appearing in this proceeding through counsel, has disavowed the purported recantation and affirms that her trial testimony was true. *See*, Affidavit (#30). Moreover, the Affidavit indicates that the recantation was unreliable and made under duress, <u>Id</u>. and possibly fraudulent ("an effort on the part of someone, other than [the victim] to mislead the court". *See*, Sworn Declaration of Jannine Robben

---

[2]Petitioner has also submitted a Memorandum and Exhibits (#11) under seal.

(#31).

I find that the affidavit submitted by petitioner is wholly insufficient to demonstrate his actual innocence or that considering the affidavit in light of the other evidence presented at his trial that no reasonable juror would have found him guilty.

In Ground two petitioner incorporates the claims from his PCR proceeding, which included a claim of actual innocence. Petitioner presented this claim to the Oregon Supreme Court.

However, a "freestanding claim" of actual innocence is not cognizable in federal habeas corpus proceedings "absent an independent constitutional violation occurring in the underlying state criminal proceeding." Herrera v. Collins, 506 U.S. 390, 400 (1993). Petitioner has failed to establish that an "independent constitutional violation" occurred at his trial.

Whether a freestanding claim of actual innocence is cognizable in habeas corpus proceedings is an open question in the Ninth Circuit. *See*, Souliotes v. Evans, 622 F.3d 1173, 1183 (9th Cir. 2010)(declining to determine whether freestanding claim of actual innocence was cognizable in a non-capital proceeding and remanding to the district court to

determine whether the claim was timely filed).[3]

Assuming *arguendo* that a freestanding claim of actual innocence is properly before the court in a non-capital case, petitioner has failed to meet the "extraordinarily high" threshold of "affirmatively prov(ing0 that he is actually innocent." *See*, <u>Carriger v. Stewart</u>, 132 F.3d 463, 477 (9th Cir. 1997) (*en banc*); *see also*, <u>Osborne v. District Attorney's Office for the Third Judicial District</u>, 521 F.3d 1118, 1130-31 (9th Cir.2008), *overruled on other grounds*, 129 S.Ct. 2308, 2321-22 (2009). "[A] petitioner making a *Herrera* claim must present evidence  of innocence so strong that his execution would be 'constitutionally intolerable' *even if* his conviction was the product of a fair trial." *Carriger*, 132 F.3d at 478 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

For the reasons discussed above I find that petitioner's claim of actual innocence is not credible and fails as a factual matter.

Based on all of the foregoing, petitioner's Petition (#1) should be denied.  This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice

---

[3]Since *Herrera*, only the Southern District of Georgia has recognized a freestanding actual innocence claim in a capital case, whereas the Seventh and Tenth Circuits have found that it was not cognizable in non-capital cases.

of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.  The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to _de novo_ consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

### *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right.  See, 28 U.S.C. § 2253(c)(2).*

DATED this ⊥ day of March, 2012.

_____
Thomas M. Coffin
United States Magistrate Judge